IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK HERZOG, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-03-02018 |
| | § | |
| WILLIAM THOMAS MOORE, *et al.*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion for Summary Judgment (Docket # 68) and Supplemental Motion for Summary Judgment (Docket # 69). For the reasons set forth below, Defendants' Motions for Summary Judgment are **GRANTED**.

### I.  BACKGROUND

This case arises from the alleged improper treatment of Matthew Herzog following a classroom incident that occurred on October 17, 2001, at Stratford High School. At the time of the incident, Matthew was fifteen years old and a sophomore at Stratford High School. He had a diagnosis of Tourette's Syndrome and met eligibility criteria for special education services under the Individuals with Disabilities Education Act (IDEA). Matthew took medication to accommodate his disability and, in addition to other special education support services, was provided with a Behavior Intervention Plan (BIP) to be used by school staff when he was exhibiting certain behaviors.

On October 17, 2001, Matthew Herzog broke a school desk with his backpack in Defendant William Thomas Moore's classroom. Plaintiffs contend that this was caused by a sudden reflex movement as a result of Matthew's Tourette's Syndrome; Defendants claim that

the act was a result of Matthew's sense of frustration after having received a curfew ticket prior to entering Mr. Moore's classroom. Following the incident, Matthew was removed from the classroom and taken to the grade level principal's office, where the campus police officer proceeded to place him under arrest for destruction of school property. The officer took Matthew to the police department and then to a juvenile detention facility. During this time, Plaintiffs observed that Matthew was limping and appeared to be in pain.

Plaintiffs Mark and Colette Herzog, Matthew's parents, subsequently filed this lawsuit in their individual capacities and as next friend of Matthew Herzog, alleging disability harassment, retaliation, assault, false imprisonment, vicarious liability, and emotional distress. The Defendants included Spring Branch Independent School District, members of its staff, and District police officers. Matthew Herzog has since passed away, and Defendants Winston Steele, Ann Kucera, and James Hanks were dismissed from the case. Defendants have filed motions for summary judgment, contending that there is no evidence to support Plaintiffs' claims, and further, that Defendants are protected by immunity. The Court held a hearing on Defendants' Motions for Summary Judgment. Because the Court concludes that Plaintiffs have not produced evidence to support their claims, it need not decide the issue of immunity.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material facts exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id.*

"[A] complete failure of proof concerning an essential element of [Plaintiffs'] case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for Defendants.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If Defendants show that there is a lack of evidence to support Plaintiffs' case, Plaintiffs "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Kee*, 247 F.3d at 210 (quotation omitted).  Plaintiffs cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

**B. Assault**

Plaintiffs' Complaint alleges that Defendants Jason Rebsch, William Thomas Moore, and Winston Steele committed an assault when they removed Matthew Herzog from Defendant Moore's classroom.  Compl. ¶ 21.  Plaintiffs allege that Defendants Rebsch, Moore, and Steel acted intentionally, knowingly, and recklessly, and that they made contact with Matthew Herzog's person, causing him bodily injury.  *Id.*  Because Defendant Steele was dismissed from the case, only Defendants Rebsch and Moore are now alleged to have committed the assault.  To prevail on this claim, Plaintiffs must prove that Defendants Rebsch and Moore intentionally, knowingly, or recklessly caused bodily injury to Matthew Herzog.  *See Baribeau v. Gustafson*, 107 S.W.3d 52, 60-61 (Tex. App.—San Antonio 2003, pet. denied).

Plaintiffs Mark and Colette Herzog have conceded that they did not witness the events that occurred in either Defendant Moore's classroom or in the grade level principal's office, and that they therefore have no personal knowledge of these events. Mark Herzog Dep. at 135-36, May 19, 2004; Colette Herzog Dep. at 35, 43, 63, 99, 111, May 25, 2004. Plaintiffs also refused to allow Matthew Herzog to testify, filing a motion for protective order to prevent his deposition. Although Plaintiffs' motion for protective order was ultimately denied, Matthew Herzog's deposition was not successfully rescheduled before his death. Plaintiffs have not produced any witnesses or any evidence indicating what took place in either Defendant Moore's classroom or in the grade level principal's office. Although Plaintiffs have testified that they observed Matthew Herzog limping and in pain while being transported from the high school to the police department and to the juvenile detention facility, they have not produced any evidence showing how Matthew was hurt.

Conversely, Defendant Moore testified that he "did not at any time intentionally, knowingly, or recklessly cause bodily injury to Matthew Herzog." Moore Aff. ¶ 7. He further testified that while in the grade level principal's office, he "observed Matthew Herzog resisting Officer Rebsch's attempts to place him under arrest," and that he "used only that force that was reasonably necessary to prevent Matthew Herzog from striking the officer and to assist the officer in his efforts to peacefully arrest Matthew Herzog." *Id.* ¶ 6. Similarly, Defendant Rebsch testified that Matthew Herzog resisted his attempts to place him under arrest. Rebsch Aff. ¶ 4. Defendant Rebsch testified that he "used only that force that was reasonably necessary to peacefully arrest Matthew Herzog," and that he "did not at any time intentionally, knowingly or recklessly cause bodily injury to Matthew Herzog." *Id.* ¶¶ 4, 5.

Plaintiffs have not produced evidence showing that Defendants intentionally, knowingly, or recklessly caused Matthew bodily injury. Absent evidence of how Matthew Herzog became injured, the fact that Plaintiffs witnessed him limping after the incident does not show that he was assaulted or that his injuries were caused by Defendants Moore or Rebsch. Because Plaintiffs have failed to produce any specific evidence showing that Defendants Moore and Rebsch assaulted Matthew Herzog, summary judgment for Defendants is appropriate.

**C. False Imprisonment**

Plaintiffs allege that Defendants Chuck Brawner, Michael Fleming, and Jason Rebsch "willfully detained and falsely arrested" Matthew Herzog after he was removed from the classroom. Compl. ¶ 22. Plaintiffs charge that "Defendants wrongfully interfered with [Matthew's] freedom when Defendants used physical force and detained [Matthew] without his consent and legal authority or justification. Furthermore, Plaintiffs, Mark and Colette Herzog, requested custody of [Matthew] and medical treatment for [his] injuries, however, were denied access to their son." *Id.* Defendants told Plaintiffs that their son was not free to leave. *Id.*

To prove a false imprisonment claim, Plaintiffs must show that Defendants willfully detained Matthew Herzog without his consent and without authority of law. *See Pete v. Metcalfe*, 8 F.3d 214, 218 (5th Cir. 1993); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). As discussed above, Plaintiffs Mark and Colette Herzog have no personal knowledge of what occurred in the grade level principal's office, which is where Matthew Herzog was arrested. Matthew Herzog has also not testified as to the circumstances of his arrest. The only evidence relating to Plaintiff's claim of false imprisonment is that submitted by Defendants, who have testified that they acted as reasonably prudent officers acting under the same or similar circumstances would have acted. Rebsch Aff. ¶ 8; Brawner Aff. ¶ 5; Fleming

Aff. ¶ 5. Plaintiffs have produced no evidence to show that Defendants Rebsch, Brawner, or Fleming acted without authority of law. Plaintiffs have therefore failed to produce evidence to sustain their false imprisonment claim, and summary judgment is appropriate.

**D. Disability Harassment**

Plaintiffs also contend that Defendants Moore, Steele, and Rebsch engaged in disability harassment, in violation of the Rehabilitation Act, 29 U.S.C. § 794(a), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Specifically, Plaintiffs allege that Defendant Moore failed to follow Matthew Herzog's Admission Review and Dismissal (ARD) and Behavioral Intervention Plan (BIP) in having Matthew removed from his classroom, thereby "denying [him] the ability to receive the education critical to his advancement." Compl. ¶ 19. Plaintiffs further allege that Defendants Moore, Steele, and Rebsch forcefully and unlawfully removed Matthew Herzog from the classroom and unlawfully detained him, during which time they assaulted and battered him. *Id.* Because Defendant Steele was dismissed from the case, only Defendants Rebsch and Moore are alleged to have been responsible for such harassment.

In order to prevail on their claim of disability-based harassment, Plaintiffs must prove that Defendants removed Matthew Herzog from the classroom and placed him under arrest because of, or based on, his disability. *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 503-04 (5th Cir. 2002); *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001). The Fifth Circuit has recognized that the standards of causation required to make out a claim of disability harassment differ under the ADA and the Rehabilitation Act. Under the ADA, a victim's disability need not be the sole reason for the harassment, but it must have had a determinative influence on his or her treatment or exclusion from certain benefits. *Soledad*, 304 F.3d at 503-04. Under the Rehabilitation Act, a victim must show that he or she was denied

6

benefits or subjected to discrimination solely by reason of his or her disability. *Id.*; *see also Baird v. Rose*, 192 F.3d 462, 469 (4th Cir. 1999).

Here, Plaintiffs have failed to present evidence showing that Defendants removed Matthew Herzog from the classroom and arrested him solely because of his disability. Furthermore, Plaintiffs have failed to present evidence that Matthew Herzog's disability had any bearing whatsoever on his removal from the classroom and subsequent arrest. On the contrary, Defendant Moore testified that Matthew Herzog was removed from the classroom because he had acted violently in breaking a desk. Moore Aff. ¶ 3-4. Because Plaintiffs have failed to produce evidence to support a necessary element of a disability harassment claim under the ADA or the Rehabilitation Act, summary judgment in favor of Defendants is warranted.

### E. Retaliation

Plaintiffs' retaliation claim is based on Defendant James Hanks' alleged harassment of Plaintiffs after Hanks was notified that Plaintiffs had filed a complaint with the U.S. Department of Education. Compl. ¶ 20. Because Plaintiffs' retaliation claim contains complaints against only Defendant Hanks, and because Defendant Hanks has been dismissed from this litigation, summary judgment on this claim is appropriate.

### F. Vicarious Liability

Plaintiff's claim for vicarious liability alleges that:

Defendants, Jason Rebsch, Michael Fleming, William Thomas Moore, and Winston Steele were acting within the scope of their employment when they assaulted and false imprisoned [Matthew Herzog]. Defendant, Ann Kucera was acting within the scope of her employment when she promoted the physical aggression of defendants' conduct in refusing Plaintiffs, Mark and Colette Herzog access to their son and when she negligently supervised the other defendants. Educational institutional have a responsibility to ensure equal educational opportunities for all students, including students with disabilities. Defendant, Ann Nunn as the Instructional Specialist failed to ensure that the BIP tailored for [Matthew Herzog] was followed. Thus, Defendant, Spring Branch Independent

7

>School District is liable for negligence in permitting the conditions for the assault on [Matthew Herzog].

Compl. ¶ 23.

As discussed above, Plaintiffs have failed to produce evidence to support claims of assault and false imprisonment, and thus, summary judgment on their claims of vicarious liability for assault and false imprisonment is likewise appropriate. Plaintiffs' remaining claim arises from Defendants' alleged failure to follow Matthew Herzog's BIP. As Plaintiffs note, the Individuals with Disabilities Education Act (IDEA) requires schools to ensure equal educational opportunities for all students, and to conduct evaluations and create individualized education programs for students with disabilities. 20 U.S.C. § 1414. The IDEA does not, however, create a cause of action for a teacher's or staff member's failure to adhere strictly to a behavioral intervention plan developed during the course of IDEA evaluations.

Moreover, Plaintiffs have produced no evidence showing that Defendants actually failed to follow Matthew Herzog's BIP during or following the October 17, 2001 incident. On the contrary, Plaintiffs' evidence indicates that the BIP was followed. The BIP itself indicates that contacting district police during major classroom disruptions, and "emergency removal to protect persons or property from imminent harm" were acceptable discipline measures for Matthew Herzog. Functional Behavioral Assessment and Behavior Intervention Plan, Aug. 27, 2001 at 21. Additionally, the Special Education Hearing Officer who considered Plaintiffs' IDEA complaints in April 2002 found that:

> I cannot conclude that the responses of the teaching and administrative staff to the disciplinary issue that arose on October 17th were inappropriate under IDEA. There is nothing in IDEA that prohibits teachers or administrators from seeking the assistance of law enforcement personnel. *34 C.F.R. Secs. 300.520, 300.529*. Although the desk was not completely destroyed, Matthew's anger did result in a degree of property damage that would require repair at the very least. More importantly, his agitation and anger were legitimate causes of alarm for the

>teacher and the assistant principal. The plan to suspend Matthew in order to remove him from a situation that may have caused harm to him or to others is entirely legal under IDEA and did not contradict the terms of his BIP.

Decision of the Hearing Officer, April 8, 2002 at 11. Plaintiffs have failed to produce any evidence to contradict the findings of the Hearing Officer and to show that Defendants somehow violated Matthew Herzog's BIP or the IDEA. Because Plaintiffs have failed to show that there is a genuine issue of fact as to their vicarious liability claims, summary judgment for Defendants is warranted.

### G. Emotional Distress

Finally, Plaintiffs claim that they "watched helplessly as Defendants dragged their son frantically to various locations," and that they could see that Matthew Herzog was injured at this time. Compl. ¶ 24. Plaintiffs contend that Defendants acted intentionally and recklessly, and that Defendants' conduct was extreme and outrageous, and proximately caused them severe emotional distress. *Id.*

In determining whether a bystander may recover emotional distress damages as a result of witnessing a serious accident, a court considers whether the plaintiff was located near the scene of the incident, whether the plaintiff's shock resulted from her contemporaneous observance of the incident, and whether the plaintiff and victim were closely related. *Boyles v. Kerr*, 855 S.W.2d 593, 598 (Tex. 1993). Additionally, "[b]efore a bystander may recover, he or she must establish that the defendant has negligently inflicted serious or fatal injuries on the primary victim." *Id.*; *see also Edinburg Hosp. Auth. v. Treviño*, 941 S.W.2d 76, 79 (Tex. 1997).

As discussed above, Plaintiffs have conceded that they were not present during any of the events that occurred in Defendant Moore's classroom or in the grade-level principal's office, and that they have no personal knowledge of how Matthew Herzog was injured. Plaintiffs have

9

therefore failed to establish that Defendants negligently inflicted serious or fatal injuries on their son, Matthew Herzog, or that they contemporaneously witnessed any incident in which their son was injured.  Plaintiffs therefore fail to make out a claim for emotional distress, and summary judgment for Defendants is proper.

## III. CONCLUSION

Defendants' Motions for Summary Judgment are **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 1st day of November, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK HERZOG, *et al.*, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-03-02018 |
| § | |
| WILLIAM THOMAS MOORE, *et al.*, § | |
| § | |
| Defendant. § | |

# FINAL JUDGMENT

Pursuant to FED. R. CIV. P. 58(a), and for the reasons stated in the accompanying Memorandum and Order, this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 1st day of November, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**